# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AGRI STRAGETIES, INC., a Nebraska Corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>NGP, LLC, an Iowa limited liability company, and HOBERMAN FARMS, LLC, an Iowa limited liability company,<br><br>    Third-Party Defendants. | **8:17CV54**<br><br>**ORDER** |

   This matter is before the Court on the Motion for Protective Order and Request for Expedited Relief ([Filing No. 85](#)) filed by Third Party Plaintiff, Agri Strategies, Inc. ("Agri Strategies"). Agri Strategies requests a protective order continuing the deposition of its former employee and third party, Scott Vandenberg, noticed for tomorrow, September 22, 2017. The Court will grant the motion.

   On August 24, 2017, counsel for Agri Strategies contacted counsel for Hoberman Farms to schedule a deposition of John Hoberman. ([Filing No. 86 at p. 13](#)). Counsel were eventually able to agree on September 21, 2017, as the date for Mr. Hoberman to be deposed, and on August 30, 2017, Agri Strategies filed an Amended Notice of Deposition setting Mr. Hoberman's deposition for September 21, 2017. ([Filing No. 80](#)).

   On September 7, 2017, Agri Strategies issued a document subpoena to Mr. Vandenberg's employer, Premier Pork Marketing, requesting documents to be produced on September 25, 2017. ([Filing No. 86 at p. 24](#)). Agri Strategies represents to the Court that these documents are necessary to be fully prepared for Mr. Vandenberg's deposition.

   On September 11, 2017, counsel for Hoberman Farms advised counsel for Agri Strategies by telephone that Mr. Hoberman was now unavailable for his deposition on September 21, 2017, and asked to reschedule. ([Filing No. 86 at p. 11](#)). Agri Strategies proposed September 19, 20, or 22, 2017, as new dates. Counsel for Hoberman Farms stated none of those dates worked, and the parties were able to agree on September 25, 2017, as the new date for Mr. Hoberman's

deposition.  (Filing No. 86 at p. 11).  Apparently, the subject of Mr. Vandenberg's deposition was discussed during the telephone conversation.  (Filing No. 86 at p. 17).

On September 12, 2017, counsel for Hoberman Farms advised Agri Strategies by email that Hoberman Farms would be deposing Mr. Vandenberg on September 22, 2017, and Mr. Hoberman would be in attendance.  (Filing No. 86 at pp. 15-17).  Counsel for Hoberman Farms advised Agri Strategies that he "want[s] to take [Vandenberg's deposition] before you depose my client [Mr. Hoberman]."  (Filing No. 86 at p. 16).  Hoberman Farms then noticed Mr. Vandenberg's deposition for September 22, 2017, without counsel's agreement.  The email notice of deposition was sent to Agri Strategies on September 14, 2017.  (Filing No. 88-1).

Agri Strategies has moved for a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(B), on the grounds that Mr. Vandenberg's deposition was not reasonably noticed and because Hoberman Farms' counsel is engaging in improper tactics.  "A party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1).  Under the circumstances, the Court finds Hoberman Farms' notice was not reasonable.  Hoberman Farms provided Agri Strategies with only eight days' written notice of Mr. Vandenberg's deposition.  Hoberman Farms emailed notice to Agri Strategies on September 14, 2017, for a deposition scheduled for September 22, 2017 (a date that Hoberman Farms represented the day before was unavailable for Mr. Hoberman to be deposed, although Mr. Hoberman could be in attendance at Mr. Vandenberg's deposition).  The only reason cited by Hoberman Farms for setting Mr. Vandenberg's deposition for September 22 is its desire to have Mr. Vandenberg's deposition proceed before Mr. Hoberman's.

It is true that Rule 26(d) eliminates any fixed priority in the sequence of discovery, including the rule developed by courts conferring priority on the party to first serve notice of taking depositions.  See Fed. R. Civ. P. 26(d); Committee Note to 1970 amendment of Rule 26(d), 48 F.R.D. 487, 507 (1969); *The Former Priority Rule*, 8A Fed. Prac. & Proc. Civ. § 2045 (3d ed.).  However, the Court may order discovery to occur in a particular sequence "in the interests of justice."  Fed. R. Civ. P. 26(d).  District courts have broad discretion to limit discovery and decide discovery motions.  *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993).

In the interest of justice, and for good cause shown by Agri Strategies, the Court finds that Mr. Vandenberg's deposition set for September 22, 2017, should be canceled.  Agri Strategies has demonstrated a reasonable basis to take Mr. Vandenberg's deposition after it

receives the documents responsive to the document subpoena. This will obviate Agri Strategies' concern that it may need to depose Mr. Vandenberg twice. Hoberman Farms has not demonstrated a reasonable basis to delay Mr. Hoberman's deposition. Agri Strategies should be permitted to depose Mr. Hoberman on the parties' agreed upon date of September 25, 2017. Mr. Vandenberg's deposition shall be rescheduled on a date after Mr. Hoberman's deposition and after Agri Strategies has received responses to its document subpoena. Accordingly,

**IT IS ORDERED**: The Motion for Protective Order and Request for Expedited Relief ([Filing No. 85](#)) is granted. Mr. Vandenberg's deposition set for September 22, 2017, is canceled. The parties are to meet and confer to reschedule the deposition of Scott Vandenberg after the deposition of John Hoberman, and at least two days after Premier Pork Marketing, Inc., responds to Agri Strategies' outstanding document subpoena.

Dated this 21st day of September, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge